UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| LEANNE O'NEAL, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 6:11-CV-72 |
| § | |
| BUMBO INTERNATIONAL § | |
| TRUST F/K/A JONIBACH § | |
| MANAGEMENT TRUST, *et al*, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM AND ORDER**

This is a product liability action involving the Bumbo Baby Seat—a molded foam infant seat designed, manufactured, and sold by Defendant Bumbo International Trust. On September 13, 2011, the United States Consumer Product Safety Commission sent letters to Bumbo's distributor and former distributor stating that it had made a preliminary determination that Bumbo Baby Seats presented a substantial product hazard and requesting that the distributors undertake a voluntary recall of the product. After receiving those letters, Bumbo retained outside counsel, who then hired several technical expert consultants. The experts included Heiden Associates, which worked on a statistical review of injuries to children nationwide to put the Bumbo accidents in context, and Exponent Environmental Group, Inc. and Scientific Expert Analysis Ltd., which

analyzed the product's design and helped counsel develop proposed design and warning changes.  This lawsuit is one of a number of private suits brought against Bumbo that rely on allegations raising issues similar to those involved in the CPSC's action.

Plaintiffs in this litigation have served on these lawyers and experts subpoenas *duces tecum* through various courts outside the District.  Bumbo now moves to quash those subpoenas.  Without describing any particular documents, the motion broadly requests to quash the subpoenas on work-product grounds to the extent they seek: "(1) the experts' files; (2) documents and materials prepared or assembled by Bumbo's counsel or the experts after September 13, 2011; (3) communications between the experts and Bumbo, its counsel, representatives, and agents after September 13, 2011; and (4) documents related to the work performed by the experts for Bumbo after September 13, 2011."  Docket Entry No. 38 at 19–20.  The Court does not have the authority to quash the subpoenas, as that authority is vested with the district court that issued them.  *See* Fed R. Civ. P. 45(b)(3)(A)(iii) ("On timely motion, the *issuing* court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter . . . .") (emphasis added); *In re Clients & Former Clients of Baron & Budd, P.C.*, 478 F.3d 670, 671–72 (5th Cir. 2007) (holding that "[a] motion

2 / 6

to quash or modify a subpoena is to be granted by the court by which a subpoena was issued" and collecting cases) (citations and internal quotation marks omitted); *Limon v. Berryco Barge Lines, L.L.C.*, No. G-07-CV-0274, 2009 WL 1347363, at *2 (S.D. Tex. May 13, 2009) (finding that the court lacked jurisdiction over a motion to quash a subpoena issued by a Louisiana district court).

Bumbo seems to acknowledge as much in its reply, in which it instead seeks a protective order under Rule 26.[1] While there is case law allowing courts to issue Rule 26 protective orders to control the scope of out-of-district subpoenas, *see Lefkoe v. Jos. A. Bank Clothiers, Inc.*, 577 F.3d 240, 242 (4th Cir. 2009); *Chevron Corp. v. Donziger*, No. 11-CV-0691(LAK), 2012 WL 6634680, at *2 (S.D.N.Y. Dec. 19, 2012); *but see Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, No. 5:07-CV-191, 2008 WL 2944671, at *3 (E.D. Tex. July 25, 2008); *Chick-Fil-A v. Exxonmobil Corp.*, No. 08-61422-CIV, 2009 WL 2242392, at *1 n.2 (S.D. Fla. July 24, 2009), few of those cases make rulings on work-product objections. *See* Docket Entry No. 41 at 6–12 (citing only *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D 432 (M.D.N.C. 2001) as a case in which a

---

[1] Another problem with Bumbo refashioning its request in the reply as one for a protective order is that new arguments cannot be raised in reply briefs. The present situation illustrates why: Plaintiff was not given an opportunity to respond to the protective order issue.

protective order was issued on work-product grounds to limit the scope of an out-of-district subpoena). Instead, the cases generally involve the broader outlines of discovery, such as relevance issues and enforcement of prior discovery orders. *See, e.g.*, *Vilma v. Goodell*, Civ. Nos. 12-1283, 12-1718, 12-1744, 12-1283, 2012 WL 4926993, at *2–3 (E.D. La. Oct. 16, 2012) (involving a discovery stay required by Louisiana statute); *Walker v. Alta Colleges, Inc.*, No. A-09-CV-894-LY, 2010 WL 2710769, at *2–3 (W.D. Tex. July 6, 2010) (determining whether inquiries related to separate action were relevant or overly burdensome); *Best Western Int'l, Inc. v. Doe*, No. CV-06-1537-PHX-DGC, 2006 WL 2091695, at *2 (D. Ariz. July 25, 2006) (involving subpoena's effect on First Amendment right to anonymous speech).

The difficulty with issuing such a broad protective order in this context is that work-product determinations typically depend on scrutiny of individual documents, or discrete categories of documents, to determine if their "primary purpose" was litigation related. *See, e.g.*, *SmartPhone Techs. LLC v. Apple, Inc.*, No. 6:10cv74 LED-JDL, 2013 WL 789285, at *4 (E.D. Tex. Mar. 1, 2013) (ordering party to produce detailed privilege log and corresponding documents for the court to conduct *in camera* review); *In re TETRA Techs., Inc. Sec. Litig.*, No. 4:08-cv-0965, 2010 WL 1335431, at *5

(S.D. Tex. Apr. 5, 2010) (inviting plaintiff to identify suspicious documents on defendant's privilege log for the court to conduct an *in camera* review). At first blush, some of the documents Bumbo seeks to protect seem likely deserving of work-product protection, such as correspondence between experts and attorneys and documents from their expert Heiden Associates. On the other hand, documents created by the experts Exponent Environmental Group, Inc. and Scientific Expert Analysis Ltd., whose work related to the design of the Bumbo Seat, may have been motivated by potential CPSC litigation, but also may have been motivated by the ordinary business practice of building a better Bumbo. Or the documents may have been created for both reasons. Such dual-purpose documents pose difficult questions, especially in a circuit like the Fifth that follows the narrower "primary purpose" work-product definition. *See* Gregory A. Marrs, Note, *The Battleground over Dual Purpose Documents: Is Work Product Protection Appropriate Under Rule 26(B)(3)?*, 2011 U. Ill. L. Rev. 1031, 1048–50 (2011) (noting the Fifth Circuit's primary-purpose test is one of the more restrictive applications of the work-product doctrine); Luke S. Behnke, Note, *Work-Product Immunity and Dual-Purpose Documents*, 2011 Mich. St. L. Rev. 1569, 1588–90 (2011) (discussing Fifth Circuit's "narrower" primary-purpose test). But this is just guesswork to demonstrate how it is

not possible to make the work-product determinations in the very broad posture that the issue has been raised without more concrete descriptions of the documents at issue.

For these reasons, the Court **DENIES** Bumbo's motion to quash (Docket Entry No. 38). The request to quash the out-of-district subpoenas is denied with prejudice. The request for issuance of a Rule 26 protective order to limit the scope of overall discovery in this case is denied without prejudice to reurging if done so in the more traditional manner for raising work-product issues.

**SIGNED** this 12th day of June, 2013.

_____
Gregg Costa
United States District Judge